**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In the Matter of RYAN STEFANOVSKI, as owner of a certain 1990 270 Sea Ray motor vessel, bearing Hull Identification No. SERM7022K990.
_____________________________________/

Case No.

**COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

Plaintiff, RYAN STEFANOVSKI, as owner of a certain 1990 27 foot Sea Ray motor vessel, bearing Hull Identification No. SERM7022K990, its engines, machinery, tackle, apparel, and furnishings, seeks exoneration from or limitation of liability, civil and maritime, and in support thereof respectfully alleges upon information and belief:

1. Plaintiff, RYAN STEFANOVSKI, resides and is domiciled in the County of Macomb, State of Michigan, and was at all material times the owner of a certain 1990 270 Sea Ray motor vessel, bearing Hull Identification No. SERM7022K990 (hereinafter the "Vessel").

2. The Vessel was, at all material times pertinent to this matter, being operated on Lake St. Clair, a navigable water of the United States. Said Vessel is now, or

will during the pendency of this action, be within the jurisdiction of this Honorable Court.

3. Plaintiff used due diligence to make the Vessel tight, staunch and strong, equipped, and in all respects seaworthy and fit for the use in which it was engaged and for which it was intended.

4. This is a case of admiralty and maritime jurisdiction within the meaning of FRCP 9(h) and 28 U.S.C. §1333.

5. Plaintiff claims the benefit of the provisions of §30511 of Title 46 U.S. Code and the Acts amendatory thereof and supplemental thereto, as well as the pertinent provisions of Rule F of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions, and in the present proceeding Plaintiff further prays, by reason of the facts set forth, for exoneration from or limitation of his liability for any damage, destruction, loss of life or injury to persons or property, caused or resulted from the incident described herein.

6. On September 18, 2015 the Vessel was adrift on Lake St. Clair under the direction and control of Plaintiff when it was struck by a 30-foot Eliminator Daytona model pleasure-craft, operated by Mr. Michael Urick. (hereinafter the "Collision").

7. The value of the Vessel subsequent to the Collision is approximately $1000.00 (One thousand dollars and no cents; an Affidavit of Value is attached hereto and incorporated herein as Exhibit 1).

8. The full extent of the alleged pecuniary loss and damage resulting from the Collision is not yet known, however, it is believed that the operator of the Eliminator, Michael Urick, sustained personal injuries and Tamara Urick, a passenger aboard the Eliminator, died as a result of the Collision. Additionally, it is believed that one or more of the passengers aboard the Vessel sustained injuries as a result of the Collision. Written notice of at least one claim for personal injury arising from the Collision has been made against Plaintiff.

9. The Collision and the consequent losses were sustained without the privity or knowledge of Plaintiff and through no fault, negligence, carelessness, acts, errors or omissions of Plaintiff, nor was the Vessel unseaworthy in any respect.

10. Not more than six months have elapsed since Plaintiff first received written notice of any claims arising out of the Collision.

11. All and singular, the premises are true and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

12. There are no other known actions or pending cases against Plaintiff arising as a result of the Collision.

WHEREFORE, Plaintiff prays:

A. That this Honorable Court, at a time appropriate, acknowledge that the fair market value, post casualty, of the Vessel is $1,000.00 (One thousand dollars and no cents) (Exhibit 1, Affidavit of Value);

B. That this Honorable Court enter an Order approving the *Ad Interim* Stipulation for Value and Costs (Exhibit 2) and the Letter of Undertaking (Exhibit 3);

C. That this Honorable Court issue an order directing the issuance of a notice to all persons claiming damages from the stated Collision involving the Vessel herein described, sustaining this Court's jurisdiction and restraining the filing or prosecution of any and all suits, actions and proceedings relating to the Collision, and further directing that same be filed only in this action;

D. That this Honorable Court in this proceeding adjudge that the Plaintiff is not liable to any extent for any damage, injury, loss of life or destruction of property or for any claim arising out of, or in consequence of the Collision above described, or;

E. If the Plaintiff should be adjudged liable, then such liability will be limited to the amount of the value of the Vessel, post-Collision as set forth above;

F. That Plaintiff has such other, further and different relief as justice to the cause may require.

MILES & MILES, P.L.C.

/s/ Brian J. Miles
Brian J. Miles (P37186)
Attorneys for Plaintiff
67 North Walnut
Mount Clemens, MI 48043
(586) 468-7511
bmiles@dmmplc.com

Date: May 16, 2013

# EXHIBIT 1

UNITED STATES DISTRICT COURT

IN ADMIRALTY

IN THE MATTER OF: Ryan Stefanovski, Petitioner. /

**AFFIDAVIT OF VALUE**

STATE OF OHIO
COUNTY OF ERIE

Before me, the undersigned authority, a notary public, personally came and appeared KEVIN BACHE who, being duly sworn, did depose and state as follows:

1. I am Kevin R Bache, and I am over eighteen (18) years of age.

2. I am a marine surveyor employed with Bache Marine Survey and Damage Appraisal located in Erie County, State of Ohio .

3. I have been actively working as a marine surveyor in Erie County for more than twenty two years and in such capacity I am familiar with and have determined the value of vessels such as the 1990 Sea Ray 270 Sundancer bearing H.I.N. SERM7022K990 "Ship Faced".

4. I examined the Ship Faced on May 11, 2016, immediately after the alleged accident as stated in the Complaint. I have reviewed certain documentation information concerning the vessel and determined that the fair market value of the vessel on May 11, 2016, immediately after the accident was no more than $1000.00 (One Thousand Dollars).

Kevin R Bache, Marine Surveyor
CMS-NAMS, AMS-SAMS

STATE OF OHIO. COUNTY OF ERIE
BEFORE ME, the undersigned authority, personally appeared Kevin R. Bache who ( ) is personally known to me, or ( ) who produced a copy of as proof of identification.

SWORN TO AND SUBSCRIBED before me this 12th day of May, 2016

Notary Public – State of

My Commission Expires
Dec. 8 - 2018

# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In the Matter of RYAN STEFANOVSKI, as owner of a certain 1990 270 Sea Ray motor vessel, bearing Hull Identification No. SERM7022K990.
______________________________/

Case No. ________________

## *AD INTERIM* STIPULATION FOR VALUE AND COSTS

1. Plaintiff, Ryan Stefanovski, ("Plaintiff"), as owner of the certain 1990 270 Sea Ray motor vessel, bearing Hull Identification No. SERM7022K990, (the "Vessel") has filed a Complaint in this Court pursuant to the Vessel Owner's Limitation of Liability Act, 46 U.S.C. § 30511, and Rule F of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Foreclosure Claims ("Rule F"), seeking exoneration from and/or limitation of liability.

2. Plaintiff wishes to provide an *Ad Interim* Stipulation for Value and Costs, representing its interest in the Vessel as security for those who may file claims in this action, pending an appraisal of the value of his interest in the Vessel at a later date, should such be ordered by this Court, and otherwise to stand as a Stipulation for Value.

3. In consideration of the foregoing, Plaintiff, Ryan Stefanovski, and Geico Marine Insurance Co., his surety, hereby undertake jointly, severally and *in solido*, that Plaintiff will abide by the further orders of this Court, and will pay unto

the Court, when and if ordered, the amount or value of Plaintiff's interest in the Vessel, together with any pending freight at the termination of the voyage in question, for the total sum of $1,000.00 (One thousand dollars and no cents), together with costs of court and interest at the rate of 6% per annum from the date hereof, or will file in this action a bond with approved security in the usual form in the amount, together with costs accord and interest at the rate of 6% per annum from the date hereof; and that, pending the payment of the amount of Plaintiff's interest in the Vessel and its pending freight, if any, or the giving of a Stipulation for Value therefore, this Stipulation stands as security for all claims in this action.

4. This document may be executed in one or more counter parts, each of which shall be considered an original as against the party who signed it, but all of which shall constitute one in the same *Ad Interim* Stipulation for Value and Costs.

Done and executed this 16th day of May, 2016.

Brian J. Miles
Attorney for Plaintiff
67 North Walnut
Mount Clemens, MI 48043
(586) 468-7511
bmiles@dmmplc.com

Done and executed this 13th day of May, 2016.

GEICO Marine Insurance Company
By Richard Wilson, Vice President

# EXHIBIT 3

GEICO
Marine Insurance

880 South Pickett Street
Alexandria, VA 22304

CLAIMS
Tel: 877.970.2628
Fax: 703.461.2843

May 13, 2016

United States District Court
Eastern District of Michigan
Southern Division

Attention: The Honorable Judges of the United States
District Court for the Eastern District of Michigan
Southern Division

RE: In the Matter of Ryan Stefanovski as owner of a certain 1990 270 Sea Ray M/V, bearing Hull Identification Number SERM7022K990 for Exoneration from or Limitation of Liability

Insurance Company: GEICO Marine Insurance Company
Policy No. BSP2065743-01
Date of Loss: September 18, 2015

As security in the above-captioned matter now pending in the United Stated District Court for the Eastern District of Michigan, Southern Division, in Admiralty, captioned *In the Matter of RYAN STEFANOVSKI, as owner of a certain 1990 270 Sea Ray motor vessel, bearing Hull Identification Number SERM7022K990,* Petitioner, in a Cause for Exoneration from or Limitation of Liability, the undersigned, on behalf of GEICO Marine Insurance Company, the protection and indemnity underwriters for Ryan Stefanovski, as owner of the 1990 270 Sea Ray motor vessel bearing hull identification number SERM7022K990 (the "Vessel"), in connection with the stipulation, hereby agrees:

1. In the event a final judgment or decree after all appeals, if any, is made or entered in favor of a Claimant(s) against the Vessel and/or Plaintiff Ryan Stefanovski for loss, damage, personal injury, and/or death caused in connection with the events of September 18, 2015, involving the Vessel and more fully described in the Complaint filed in this matter, then the undersigned underwriter agrees without prejudice to pay and satisfy such judgment up to and not exceeding $1,000.00, together with costs and interest at the rate of six percent (6%) per annum, or any lesser amount adjudged by the Court, or settled between the parties without a final judgment being rendered, where said settlement has been made with the approval of the undersigned.

2 That this letter of undertaking shall also serve as security for costs within the meaning of Rule F (1) of the Supplemental Rules of Certain Admiralty Claims for the Federal Rules of Civil Procedure and interest therein at the rate of six percent (6%) per annum from the date of the execution of this letter of undertaking.

3 That nothing contained in Paragraphs 1 or 2 is intended to prohibit GEICO Marine Insurance Company from filing a bond in form and sufficiency of surety satisfactory to this

Court in an amount up to $1,000.00, together with interest at a rate of six percent (6%) per annum, as security for the owner's interest in the Vessel, and/or for costs to be set by this Court, together with interest at the rate of six percent (6%) per annum, pursuant to Rule F(1) of the Supplemental Rules of Civil Procedure.

4. In the event the bond referred to under Paragraph 3 above is filed, the undersigned underwriter shall have no further obligation under Paragraphs 1 and 2 above.

5. This Letter of Undertaking shall substitute for and take the place of the *res*.

6. That this agreement and undertaking shall be governed by the laws of this Court. GEICO Marine Insurance Company hereby consents to be sued on this agreement and undertaking in this Court and submits itself to the jurisdiction of this Court on this letter only and for no other purpose. Service of process in any action on this agreement and undertaking may be made on Richard Wilson by service to GEICO Marine Insurance Company, 880 South Pickett Street, Alexandria, VA 22304, U.S. Certified Mail, Return Receipt Requested. Final judgment after all appeals, which is entered against the Vessel and/or Ryan Stefanovski shall be conclusive and may be enforced in any jurisdiction where GEICO Marine Insurance Company or its assets may be found. In any suit on any such final judgment, after all appeals, a certified or exemplified copy of such judgment shall be conclusive evidence of the fact of the amount due under such judgment.

7. This letter is written entirely without prejudice as to any rights, defenses, immunities or limitations, statutory, contractual or otherwise, which the said vessel or its owner may have, including, but not limited to, the right of exoneration or limitation of liability, none of which rights are to be regarded as waived, and is not to be deemed an admission of liability.

8. It is the intent of this Undertaking that the right of any Claimant, and the rights of the Plaintiff Ryan Stefanovski shall be, and for all purposes shall be taken to be, precisely the same as they would have been had the Vessel been arrested and the arrest was lifted by the posting of a bond. All other objections and defenses otherwise available are respectively reserved on behalf of the vessel and her owner.

9. It is understood and agreed that the execution of this letter by the undersigned on behalf of the vessel's insurer shall not be construed as binding on him but is to be binding only upon the insurer, GEICO Marine Insurance Company.

Very truly yours,

GEICO Marine Insurance Company
By Richard Wilson, Vice President