UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF COMPLAINANT,

-of-

v.

RYAN STEFANOVSKI, as Owner Owner of a certain 1990 270 Sea Ray Motor Vessel, bearing hull ID no. SERM7022K990, for Exoneration from or Limitation of Liability

Petitioner,
_____________________________________/

Case No.: 16-cv-11740

HON: Paul D. Borman
United States District Judge

**MOTION FOR AN ORDER DEFAULTING NON-FILING CLAIMANTS, CLOSING THE MONITION PERIOD AND BARRING ALL FUTURE CLAIMS**

Petitioner RYAN STEFANOVSKI, as owner of a certain 1990 270 Sea Ray Motor Vessel, bearing hull ID no. SERM7022K990, by and through his counsel GARAN, LUCOW, MILLER, P.C., hereby moves this honorable Court for an Order defaulting all non-filing claimants, closing the Monition period this barring all future claims, and granting such other and further relief as this Court deems equitable and just.

A memorandum of law and proposed order are submitted herewith.

PETITIONER
By his attorneys,

/s/Timothy J. Jordan
TIMOTHY J. JORDAN (P46098)
Attorneys for Petitioner
1155 Brewery Park Blvd., Ste. 200
Detroit, MI 48207-2641
(313) 446-5531
tjordan@garanlucow.com

Dated: May 8, 2017

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF COMPLAINANT,

-of-

v.

RYAN STEFANOVSKI, as Owner of a certain 1990 270 Sea Ray Motor Vessel, bearing hull ID no. SERM7022K990, for Exoneration from or Limitation of Liability

Petitioner,
_________________________________________/

Case No.: 16-cv-11740

HON: Paul D. Borman
United States District Judge

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR AN ORDER DEFAULTING NON-FILING CLAIMANTS, CLOSING THE MONITION PERIOD AND BARRING ALL FUTURE CLAIMS**

## PRELIMINARY STATEMENT

The vessel owner, herein RYAN STEFANOVSKI ("Petitioner"), submits this Memorandum of Law in support of his motion for an Order: (1) defaulting all non-filing claimants; (2) closing the Monition period; (3) barring all future claims; and (4) granting such other and further relief as this Court deems equitable and just.

## STATEMENT OF FACTS

Petitioner, RYAN STEFANOVSKI, resides and is domiciled in the County of Macomb, State of Michigan, and was at all material times the owner of a certain

1990 270 Sea Ray motor vessel, bearing Hull Identification No. SERM7022K990 (hereinafter the "Vessel"). **Exhibit A** The Vessel was, at all material times pertinent to this matter, being operated on Lake St. Clair, a navigable water of the United States.

Petitioner used due diligence to make the Vessel tight, staunch and strong, equipped, and in all respects seaworthy and fit for the use in which it was engaged and for which it was intended. This is a case of admiralty and maritime jurisdiction within the meaning of FRCP 9(h) and 28 U.S.C. §1333. (**Exhibit B**- Complaint for Exoneration from/Limitation of Liability).

On September 18, 2015, the Vessel was adrift on Lake St. Clair under the direction and control of Plaintiff when it was struck by a 30-foot Eliminator Daytona model pleasure-craft, operated by Mr. Michael Urick. (hereinafter the "Collision"). (**Exhibit B**). Petitioner, accompanied by five (5) other individuals[1] had checked his equipment earlier in the day prior to leaving the marina at which time it was confirmed that all was in order, including the vessel's lighting. (**Exhibit C**- Supplemental Narrative of Officer Morfino). Petitioner advised the investigating Deputy Sheriff that he heard the roar of another boat's engine and observed Mr. Michael Urick's 30' Eliminator approaching at a high rate of speed

[1] Elizabeth Katsias; Austin Winn; Megan Spiels; Justin Myles and Alexis Katsias.

just before it struck the rear port side of Stefanovski's vessel, ejecting Petitioner and passenger Myles off of his Vessel. **Exhibit C**

Michael Urick told the investigators that he and his wife, Tamara Urick, were heading toward their home in Chesterfield at the time of the Collision. They were traveling at about 50-55 mph, because they were anxious to return home and "the mosquitos were bad" (**Exhibit D-** Supplemental Narrative of Officer Babbitt), when he suddenly observed the Vessel in the water. Despite steering left to avoid colliding with the vessel, given his speed, Mr. Urick had insufficient time to prevent the Collision. (**Exhibit E-** Supplemental Narrative of Officer Conklin). Mr. Urick stated that the force of the crash ejected both himself and his wife out of the vessel and into the water. Mr. Urick was subsequently pulled from the water by Michael Brown. Unfortunately, the body of Mr. Urick's wife, Tamara Urick, who was also ejected, was not found until sometime later. **Exhibit E**

When questioned, Mr. Urick admitted to having had a drink (Jack and Coke) at dinner prior to leaving the marina and driving his vessel. **Exhibit E** Observing Mr. Urick's face being flushed and his eyes bloodshot and glassy, a warrant was sought to obtain his blood. As well, when Mr. Urick's eyes were examined for Horizontal Gaze Nystagmus, he was found positive for four of the six signs. This included a lack of smooth pursuit in both his left and right eye and distinct and sustained Nystagmus at maximum deviation in his left and right eye.

Ms. Deborah Lynn Halas was on a vessel with Michael Bowman and her husband Richard Wranosky, also heading from Browns in St. Clair County to their home in Chesterfield, approximately ¼ mile behind the 30' Eliminator driven by Michael Urick. (**Exhibit E**- Supplemental Narrative of Officer Conklin). Ms. Halas observed Mr. Urick's vessel splash a large amount of water, in the form of a wave, and once closer saw that it had capsized. **Exhibit E** Ms. Halas told Officer Conklin that she had seen Mr. Urick in the water when their friend, Michael Bowman, jumped in to assist him on to the Bowman vessel. **Exhibit E**

After the incident had taken place, Officer Sypniewski arrived on the scene and utilizing a digital camera to photograph the scene, observed a large debris field in the water, and a boat capsized with the damage and marks on its bow. (**Exhibit F**- Supplemental Narrative of Officer Sypniewski).

The witnesses present at the time of the accident all stated the operator (Mr. Urick) of the 30' Eliminator vessel was operating the vessel at a high rate of speed. Based on these observations and those of the investigating officers a Felony Complaint was sworn out against Mr. Urick alleging he "did operate a vessel at an immoderate rate of speed or in a careless, reckless or negligent manner, by not willfully or wantonly, to wit: too fast for conditions (including but not limited to lighting conditions), thereby crippling or causing death of Tamara Urick . . . [and]

thereby crippling or causing the death of Justin Myles". (**Exhibit G**- Complaint Felony Witness Statement).

Upon information and belief, the operator of the Eliminator, Michael Urick, sustained personal injuries and Tamara Urick (his wife), a passenger aboard the Eliminator, died as a result of the Collision. Additionally, it is understood that one of the passengers aboard the Vessel (Justin Myles) sustained injuries as a result of the Collision. Written notice of at least one claim for personal injury arising from the Collision has been made against Plaintiff. (**Exhibit B**).

The Collision and the consequent losses were sustained without the privity or knowledge of Petitioner and through no fault, negligence, carelessness, acts, errors or omissions of Petitioner, nor was the Vessel unseaworthy in any respect. (**Exhibit B**).

Not more than six months elapsed between when Petitioner first received written notice of any claims arising out of the Collision and this Complaint for Exoneration or Limitation of Action was filed.

All and singular, the premises are true and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

**All Non-Filed Claims Are Barred**

On July 22, 2016, this Court entered an Order (**Exhibit A**) which, among other things, directed all potential claimants to file a claim in this proceeding

within a Monition period, ending on **October 15, 2016** (the "Bar Date"). As directed by the Order, Petitioner mailed notice to counsel, Personal Representative of Tamara Urick (**Exhibit H**), and Goren, Goren, & Harris (**Exhibit I**), for the known potential claimants, and provided due and proper notice to all other potential claimants by publication in 'Macomb Daily' (**Exhibit J**) and the 'Detroit News' (**Exhibit K**) once per week for a period of four weeks, commencing no less than 60 days prior to the date fixed for the filing of the claims. No persons or parties filed claims.

It is well established that in cases arising under Rule F, a default judgment will be entered against any potential claimant who has failed to respond to public notice of a complaint for exoneration from and/or limitation of liability within the established notice period so long as the petitioner has fulfilled "[his] obligation to publish notice of the limitation proceeding ... the Notice expressly and clearly stated the deadline for filing a claim and/or answer ... and [the notice stated] that a consequence of failing to file a timely claim and/or answer was default and being forever barred from filing a claim and/or answer." *In re Narod,* 2013 WL 3491088, at *3 (E.D.N.Y. July 10, 2013). District courts regularly enter defaults against non-filing claimants, so that vessel owner's right to limitation can be resolved. See *In the Matter of X–Treme Parasail, Inc.*, 2011 WL 4572448 (D.Haw. Sept. 12, 2011); *In the Matter of Reef Innovations, Inc.*, No. 11 Civ. 1703, 2012 WL 195531 (M.D.Fla. Jan. 6, 2012); *In the Matter of Bluegrass Marine LLC*, 2011 WL 197215 (W.D.Ky. Jan.18, 2011); *In re Sterling Equip., Inc.,* 2016 U.S. Dist. LEXIS 20263 (E.D.N.Y.

Feb. 22, 2016) (granting an order defaulting all non-filing claimants, closing the Monition period and barring all future claims due to petitioner's compliance with Supplemental Rule F).

Petitioner herein has complied with this Court's Order, Monition, and the applicable provisions of Supplemental Rule F requiring service of the Notice on all known potential claimants, as well as publication of the Notice in 'Macomb Daily' and the 'Detroit News'.

Accordingly, Petitioner is entitled to an order granting an order defaulting non-filing claimants, closing the Monition period, and barring all future claims.

## CONCLUSION

For the foregoing reasons, Petitioner RYAN STEFANOVSKI respectfully requests that this Court grant its motion, and issue an Order: (1) defaulting non-filing claimants; (2) closing the monition period; (3) barring all future claims; and (4) granting such other and further relief as this Court deems equitable and just.

PETITIONER
By his attorneys,

/s/Timothy J. Jordan
TIMOTHY J. JORDAN (P46098)
Attorneys for Petitioner
1155 Brewery Park Blvd., Ste. 200
Detroit, MI 48207-2641
(313) 446-5531
tjordan@garanlucow.com

Dated: May 8, 2017

#1337304

**CERTIFICATE OF SERVICE**

I hereby certify that on **May 8, 2017**, I electronically filed the foregoing document with the Clerk of the Court using the ECF System which will send notification of such filing to counsel of record and that same was served via First Class Mail-Certified/Return Receipt on the Personal Representative of Tamara Urick, 46010 Edgewater Street, Chesterfield, MI 48047-5325 and Bradley B. Harris, Esq. of Goren, Goren & Harris, P.C., 30400 Telegraph Road, Ste. 470, Bingham Farms, MI 48025.

GARAN LUCOW MILLER, P.C.

s/Timothy J. Jordan
TIMOTHY J. JORDAN (P46098)
Attorneys for Petitioner
1155 Brewery Park Blvd., Ste. 200
Detroit, MI 48207-2641
(313) 446-5531
tjordan@garanlucow.com P46098